IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AVA NEWMAN, § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. _____ |
| § | Jury Trial Demanded |
| KROGER TEXAS, LP § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW** Ava Newman, hereinafter called Plaintiff, complaining of The Kroger Company (hereinafter referred to as "Defendant") and in support of said cause of action, the Plaintiff would respectfully show the Court the following:

### I. Parties

1. Plaintiff Ava Newman is an individual and resident of Humble, Texas.

2. Defendant Kroger Texas, LP is a limited partnership, conducting business in the state of Texas. Defendant may be served by serving its registered agent: Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### II. Jurisdiction

3. This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race.

### IIII. Exhaustion of Administrative Procedures

1

5.	All conditions precedents to jurisdiction have occurred or been complied with a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of Equal Employment Opportunity Commission's issuance of a right to sue letter.

### IV. Jury Demand

6.	Plaintiff asserts her individual right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### V. Facts

7.	Plaintiff is an African American female.

8.	Plaintiff was initially hired by Defendant in 1998 as an Assistant Pharmacy Manager. Plaintiff then was promoted to Pharmacy Manager and fulfilled those duties during October 1999 through August 28, 2015 at Kroger Store No. 346. Plaintiff was the only African American working in Pharmacy Department at this store location.

9.	In 2014, Plaintiff began to report Angie Balla, the Pharmacy Coordinator, who is of Hispanic decent. During her employment, Ms. Balla regularly requested Plaintiff to hire Hispanic Pharmacy Technicians.  Ms. Balla made suggestions to carry employees in the other departments, i.e. deli department or maintenance to conduct, to the pharmacy to complete the work of a pharmacy technician.  Ms. Balla regularly interrogated Plaintiff if a Hispanic Pharmacy Technician applicant was not hired.

10. Ms. Balla has history of treating employees of the Hispanic decent more favorably than African American employees. During a C.A.R.E. (Compliance and Regulatory Execution Survey) conducted in July 2015, Ms. Balla discovered that Elvia Sellountos (Hispanic) admittedly lied on inventory worksheets and reports. Ms. Balla refused to reprimand Ms. Sellountos; however, Plaintiff was formally reprimanded for issues concerning the audit.

11. On or about August 21, 2015, Plaintiff received a 10-day suspension for allegedly releasing several prescriptions without a patient present. The allegation was initially reported to Angie Balla by Elvia Sellountos; Angie Balla then reported the allegations to John Garcia, District Loss Prevention Manager. The investigation suggests that Defendant has videotape footage that confirms that Plaintiff released several prescriptions without a patient present. The videotape footage is the only supporting evidence of this allegation. However, when Plaintiff requested an opportunity to view such videotape footage, she was denied.

12. Plaintiff was ultimately terminated on August 28, 2015 for allegedly releasing several prescriptions without a patient present. Shortly thereafter Elvia Sellountos (Hispanic) was promoted to Pharmacy Manager, replacing Plaintiff.

## VI.   Race Discrimination

13. Incorporating the facts in paragraphs 7-12 Plaintiff asserts Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race.

14. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race.

15. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race in violation of 42 U.S.C. Section 2000e (2)(a).

15. Defendant classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to other non-Black employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

16. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the federal-protected rights of Plaintiff.

17. Defendant also violated Plaintiff's rights under 42 U.S.C. Section 1981.

## VII. Damages

18. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. All reasonable and necessary attorney's fees incurred by or or on behalf Plaintiff;

   b. Back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   c. All reasonable and necessary costs incurred in pursuit of this suit;

   d. Expert fees as the Court deems appropriate;

e. Mental anguish in the past;

f. Mental anguish in the future;

g. Loss of earnings in the past;

h. Loss of benefits; and

g. All other relief the court deems reasonable and appropriate.

## VIII. Exemplary Damages

20. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recover from Defendant for exemplary damages.

## IX. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ava Newman, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,



By: */s/Shelly M. Davis-Smith*
    Shelly M. Davis-Smith
    Attorney-in-Charge
    State Bar No. 24050487
    Southern District Bar No: 629020
    sms@thedavislawfirm.com
    3100 Richmond Ave., Ste. 480
    Houston, TX 77098
    Tel: (713) 349-9299
    Fax: (713) 800-4974
    Attorney for Plaintiff